UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHEN G. BARONE,

        Plaintiff,

     v.                                        13-CV-896
                                             DECISION AND ORDER
ANDREW SAUL
Commissioner of the Social Security
Administration,

        Defendant.
_____

The plaintiff, Stephen G. Barone, is a prevailing party in this social security benefits action. His counsel's motion for attorney fees under 42 United States Code Section 406(b)(1)(A) is now before this Court. Docket Item 25. The Commissioner does not oppose the motion but notes that the motion may be untimely. Docket Item 32.

## I.    Reasonableness of the Fee Requested

Section 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Barone was awarded $ 32,599.39 in past-due benefits.  Docket Items 25-3 at 2 ($28,753.39 in past due benefits from Social Security); 25-4 at 2 ($3,846.00 in past due benefits from New York State).  But his counsel concedes that $192.00 of those benefits should not be included for fee-computation purposes.  Docket Item 25-10.  His counsel therefore seeks $8,101.85 in fees, which is 25% of the past-due benefits after deducting the $192 payment and is consistent with the contingent-fee agreement that provides for attorney fees in the amount of 25% of any recovery.  Docket Item 25-6 at 1.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[1]  *Id.*  The $8,101.85 fee request is therefore reasonable.

## II.  Timeliness of the Section 406(b) Motion

"The law within the Second Circuit is unsettled regarding the deadline to file a Section 406(b) motion."  *Wolfanger v. Saul*, 2019 WL 2903759, at *3 (W.D.N.Y. July 5, 2019).  "The Social Security Act does not require a fee application to be filed within any specific time limit, which, oddly, makes the timeliness question somewhat more complicated."  *Geertgens v. Colvin*, 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2015).

---

[1] While the fee here constitutes an hourly rate of more than $287—perhaps a bit high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

In *Sinkler v. Berryhill*, Honorable Elizabeth A. Wolford of this district determined that Federal Rule of Civil Procedure 54(d)(2)(B) "should govern the timing of the fee petition," and therefore that there is a 14-day deadline unless otherwise provided by statute or order of the court. 305 F. Supp. 3d 448, 453-54 (W.D.N.Y. 2018) (quoting *Bentley v. Comm'r of Soc. Sec.*¸524 F. Supp. 2d 921, 922 (W.D. Mich. 2007)). Since *Sinker*, however, the United States District Court for the Western District of New York issued Local Rule 5.5(g)(1), which provides "a window of 65 days for filing Section 406(b) applications." *Wolfanger*, 2019 WL 2903759, at *3.

Although the Commissioner does not explicitly contest the fee on timeliness grounds, he notes that "[i]n this case, a Notice of Award was dated September 21, 2017," and Barone's counsel "filed the instant motion on April 3, 2018, which is 189 days after . . . the latest date on which [he] can be deemed to have been notified of the Notice of Award." Docket Item 32 at 3. But the *Sinkler* decision was not issued until eight dates after Barone's counsel filed his § 406(b) motion, *see* Docket Item 25 (filed on April 3, 2018); *Sinkler*, 305 F. Supp. 3d at 448 (signed April 11, 2018), and Local Rule 5.5(g)(1) was promulgated after that, *see Wolfanger*, 2019 WL 2903759, at *3. Because the motion was filed before both *Sinker* and the issuance of Local Rule 5.5(g)(1), Barone's counsel may have "reasonably lacked notice or constructive knowledge of the applicable time period for filing his § 406(b) motion." *See Fodor v. Berryhill*, 2018 WL 3237728, at *1 n.1 (W.D.N.Y. July 2, 2018) (quoting *Bentley*, 524 F. Supp. 2d at 924). For that reason, and "[b]ecause the Commissioner has not objected to the timeliness of the attorney's fee petitions," *Bergen v. Comm'r of Soc. Sec.*, 454

3

F.3d 1272, 1277 (11th Cir. 2006), this Court declines to conclude *sua sponte* that the motion is untimely.

## III.    Conclusion

For the foregoing reasons, the $8,101.85 fee request is granted under 42 United States Code Section 406(b)(1)(A).

By stipulation approved and ordered on August 5, 2015, the late United States District Judge John T. Curtin previously awarded Barone's counsel $5,354.73 in fees under the Equal Access to Justice Act ("EAJA"), 28 United States Code Section 2412(d). Docket Items 23, 24. Because the fee granted above exceeds the EAJA fee, counsel must refund the EAJA fee to Barone. *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

For the reasons stated above, the motion for attorney fees under 42 United States Code Section 406(b)(1)(A) in the amount of $8,101.85 is GRANTED. Counsel for Barone shall refund the $5,354.73 EAJA fee to Barone within 14 days of (1) the entry date of this decision and order or (2) the date he receives payment as directed in this decision and order, whichever is later.

SO ORDERED.

Dated:    July 23, 2019
         Buffalo, New York

                                         *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE